## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

November 28, 2012

RE: CARLOS RIVERA V. SUPT SAUERS, ETAL
CA No. 11-5985

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Angell, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge**.

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By
LINDA V. JERRY, Deputy Clerk

cc: RIVERA
GOLDWERT

Courtroom Deputy to Judge Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CARLOS RIVERA, | : | CIVIL ACTION |
|---|---|---|
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT D. SAUERS, et al., | : | NO. 11-5985 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### M. FAITH ANGELL
### UNITED STATES MAGISTRATE JUDGE

November 27, 2012

Before the Court for Report and Recommendation is the petition of Carlos Rivera

(alternatively "Rivera" or "Petitioner") for the issuance of a writ of habeas corpus filed pursuant to

28 U.S.C. § 2254. For the reasons set forth below, I conclude that the sole claim is without merit

and therefore recommend that the petition be denied.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

The Pennsylvania Superior Court summarized the facts giving rise to Petitioner's conviction

as follows:

> On November 11, 2002, an undercover officer, Detective DiJoseph
> from the New Jersey State Police, met with [Petitioner] in Cherry
> Hill, NJ, in order to set up a drug buy. Detective DiJoseph agreed to
> purchase $4500 worth of cocaine from [Petitioner] on November 14,
> 2002.
>
> On November 14th around 6:30 p.m., Detective DiJoseph had two
> short cell-phone conversations with [Petitioner] several minutes prior
> to meeting with him [in Northeast Philadelphia]. Upon [Petitioner]'s
> arrival, he entered Detective DiJoseph's car and they drove

---

[1]     In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Rivera's
Petition for Writ of Habeas Corpus; his Memorandum of Law in Support his Application for Writ of
Habeas Corpus; the Commonwealth's Response to the Petition for Writ of Habeas Corpus, inclusive of all
exhibits thereto; and the state court record.

approximately one to two blocks and stopped. [Petitioner] exited the detective's vehicle and entered a red Chevy Caprice. Upon [Petitioner]'s return, Detective DiJoseph exited his vehicle and walked towards his trunk. There, [Petitioner] displayed a bag of narcotics from inside his sweatshirt. Detective DiJoseph was never handed the bag of narcotics and did not see the contents of the bag. Detective DiJoseph, then, signaled Philadelphia police, who were serving as backup. [Petitioner], then, retreated and a brief chase ensued resulting in the apprehension of [Petitioner]. A bag of cocaine was recovered by Detective Chavez from Edgemont Street.

*Commonwealth v. Rivera*, No. 1022 EDA 2009, slip op. at 2 (Pa. Super. Ct. 2010) (Resp. Ex. B).

On October 14, 2005, a jury found Petitioner guilty of possession of controlled substances with intent to deliver, possession of controlled substances, and criminal conspiracy. On September 22, 2006, Petitioner was sentenced to a mandatory minimum sentence of not less than 7 nor more than 15 years of imprisonment for the possession with intent to distribute conviction and a concurrent sentence of the same length of time for the criminal conspiracy conviction. *Commonwealth v. Rivera*, 939 A.2d 355, 356 (Pa. Super. 2007). Petitioner filed a timely appeal arguing, *inter alia*, that the prosecutor had engaged in misconduct during his closing arguments when he equated a not guilty verdict to a finding that the police officers who had testified at trial were liars. *Id.* at 358. The Pennsylvania Superior Court vacated the sentence and remanded the case to the Philadelphia Court of Common Pleas to determine if a new trial was required based on Petitioner's claims. *Id.* at 359. The state filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied. *Commonwealth v. Rivera*, 958 A.2d 1047 (Pa. 2008) (Table). Upon remand, the Court of Common Pleas ruled that the prosecutor's remarks during his closing had prejudiced the defendant and granted Petitioner a new trial. *Commonwealth v. Rivera*, No. 1022 EDA 2009, slip op. at 1, 3-4, 18-19. The state appealed the grant of a new trial and a divided panel of the

2

Pennsylvania Superior Court reversed the Court of Common Pleas' decision and ordered that Petitioner's sentence be re-imposed. *Id.* at 21-22. Petitioner filed an application with the Pennsylvania Superior Court for an re-argument *en banc*, which was denied on December 10, 2010. *Commonwealth v. Rivera*, 15 A.3d 522 n. 9 (Pa. Super. 2010) (Table). The Pennsylvania Supreme Court declined further review on August 10, 2011. *Commonwealth v. Rivera*, 26 A.3d 1101 (Pa. 2011) (Table).

Petitioner filed a timely *pro se* federal habeas petition, with an accompanying memorandum of law,[2] [Docket Entry No. 1] on September 21, 2011, requesting relief on the grounds that the prosecutor engaged in misconduct at his trial in the form of inappropriate vouching during his closing argument. Pet. at 5, 73-75. On August 30, 2012, Respondent District Attorney of Philadelphia County filed a response,[3] with attached exhibits[4] [Docket Entry No. 14].

## II. DISCUSSION

### A. Exhaustion and Procedural Default

A federal court may not grant a writ of habeas corpus under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To do so, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002); *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002). This requirement ensures that state courts "have 'an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights.'" *United States*

---

[2]     Hereafter "Pet."

[3]     Hereafter "Resp."

[4]     Hereafter "Resp. Ex."

3

*v. Bendolph*, 409 F.3d 155, 173 (3d Cir.2005). A claim is "fairly presented" when the same claim – i.e., the same legal theory applied to the same facts – has been presented at all available levels of the state judicial system. *Anderson v. Harless*, 459 U.S. 4, 7 (1982); *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). If a state prisoner has a right under state law that he or she may still raise "by any available procedure," the exhaustion requirement is not deemed to be satisfied and is therefore ineligible for federal habeas corpus review. 28 U.S.C. § 2254(c). The burden of proof is on petitioner to prove that he has appropriately exhausted available state remedies on all his claims. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). As Petitioner's sole claim was presented on direct appeal in state court, it has been properly exhausted.

### B. Standard for Issuance of the Writ

In cases where the claim presented in a federal habeas petition was adjudicated on the merits in the state courts, the federal court shall not grant habeas relief unless the adjudication –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has made it clear that a habeas writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing rule set forth in [United States Supreme Court] cases or if [the state court] decides a case differently than [the United States Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A writ may issue under the "unreasonable application" clause only

4

where there has been a correct identification of a legal principle from the Supreme Court but the state court "unreasonably applies it to the facts of the particular case." *Id.* This requires the petitioner to demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). In addition, this standard obligates the federal courts to presume that the "state courts know and follow the law" and precludes the federal court from determining the result of the case without according all proper deference to the state court's prior determinations. *Id.* at 24.

The Supreme Court has emphasized that deference is owed to any state court "decision" on a claim that was "adjudicated" by the state court, even if the state court's decision was not accompanied by an explanation. In such cases, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. ---, 131 S.Ct. 770, 784 (2011). The function of a habeas court considering a claim that has been adjudicated in the state court is to "determine what arguments or theories supported or . . . could have supported, the state court's decision; and then [ ] ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme Court]." *Id.* at 786. Put another way, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

## C. Prosecutorial Misconduct

Petitioner's sole claim for habeas review is that the prosecutor engaged in misconduct during his closing arguments to the jury when he equated a finding of reasonable doubt in the case to a finding that the police officers who had testified against Petitioner were liars. Pet. at 5, 73-75.

5

Petitioner raised this claim in his state court appeal, which the Pennsylvania Superior Court remanded back to the Court of Common Pleas to determine whether the prosecutorial misconduct warranted a new trial. Pet. at 73 (citing *Commonwealth vs. Rivera*, 939 A.2d 355 (Pa. Super. 2007)). Upon remand, the Court of Common Pleas held that the prosecutorial misconduct did warrant a new trial and the state undertook an appeal. *Id.* at 73-74. A divided panel of the Pennsylvania Superior Court reversed, holding that while there had been prosecutorial misconduct, it did not deprive Petitioner of a fair trial. *Id.* at 74. *See also Commonwealth v. Rivera*, No. 1022 EDA 2009, slip op. at 21.

Petitioner argues that the prosecutor's statements during closing argument were improper vouching for state witnesses and deprived him of a fair trial. Pet. at 5, 73-75 (citing *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3rd Cir. 1995); *United States v. Dispoz-O-Platics, Inc.* 172 F.3d 275 (3d Cir. 1999))[5]. Vouching is a type of prosecutorial misconduct in which the prosecuting attorney assures the jury of the credibility of a government witness through personal knowledge or by other information outside of the testimony before the jury. *Lawn v. United States*, 355 U.S. 339, 359 n. 15, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). Habeas relief is not warranted for prosecutorial misconduct simply because the prosecutor's remarks were undesirable or even universally condemned. The relevant issue for habeas analysis is whether the challenged remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v.*

---

[5]     The Supreme Court recently held that "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and that prosecutorial misconduct claims must be evaluated under the standard that the Supreme Court set forth in *Darden v. Wainwright*, and not under a test that the Court of Appeals has crafted. *Parker v. Matthews*, --- U.S. ---, 132 S.Ct. 2148, 2155-56, 183 L.Ed.2d 32 (2012) (*per curiam*). Petitioner erroneously cites *Zehrbach* and *Dispoz-O-Platics, Inc.*, two Third Circuit cases, which apply a standard of "non-constitutional" harmless error review, which falls outside the scope of *Parker* and *Darden*. 47 F.3d at 1256; 172 F.3d at 286.

*Wainwright*, 477 U.S. 168, 180-81, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v.*

*DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). *See also Lam v. Kelchner*,

304 F.3d 256, 271-72 (3d. Cir. 2002). For the petitioner to have been denied due process, "the

prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's

right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987)

(internal citations omitted). *See also Fahy v. Horn*, 516 F.3d 169, 198 (3d Cir. 2008). Furthermore,

the decision of the Pennsylvania Superior Court cannot be considered an unreasonable application

of federal law unless it was "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v.*

*Richter*, 131 S. Ct. 770, 786 (2011).

Petitioner specifically objects to a series of statements that the prosecutor made during his

closing remarks to jury. Near the end of his remarks the prosecutor declared that:

> What reasonable doubt means is that we didn't prove the case, that
> these officers didn't do their jobs, that they are all a bunch of liars.
> These officers did their jobs. I want you to tell them that they proved
> that [Mr. Rivera] was out there that night to sell drugs to Sergeant
> DiJoseph.
>
> I ask you to return the only verdict that the evidence compels you to
> return, and that's guilty on all charges. Tell the police they did their
> job. And tell him his job is over.

N.T. 10/13/2005 at 43-44.[6]

We must examine the trial as a whole in order to determine if the prosecutor's remarks "so

---

[6]     The cover sheet captions these notes of testimony as "October 12, 2005 (Volume 2)." However these are in
fact the notes of testimony for the proceedings on October 13, 2005. The Pennsylvania Superior Court has
captioned these notes both as "N.T., Volume 2, 10/12/05" *Commonwealth v. Rivera*, 939 A.2d 355, 357
(Pa. Super. Ct. 2007) and as "N.T., October 13, 2005." *Commonwealth v. Rivera*, No. 1022 EDA 2009, slip
op. at 12 (Pa. Super. Ct. 2010) (Resp. Ex. B). We have opted to refer to these notes of testimony as "N.T.
10/13/2005" as this was the actual date recorded in the notes.

infected the trial with unfairness as to make the resulting conviction a denial of due process."

*Darden*, 477 U.S. at 180-81. Following the conclusion of closing remarks and after the jury was excused, Petitioner's trial counsel objected to the prosecutor's comments and requested that the trial judge either declare a mistrial or issue a cautionary instruction to the jury regarding the prosecutor's statements. N.T. 10/13/2005 at 46-47. The trial court declined to declare a mistrial and also declined to issue a cautionary instruction to the jury. *Id.* at 47. The court did, however, instruct the jurors that they must apply the law as the court had instructed and to not rely on anyone else's, including the attorneys', explanation of the law. *Id.* at 50. The jury later returned guilty verdicts on all charges. N.T. 10/14/2005 at 9-12. As discussed *supra*, the ultimate decision of the Pennsylvania Superior Court was that the trial court's instruction to the jury to give limited weight to counsel's arguments allowed for a fair consideration of Petitioner's guilt and that there was a sufficient evidentiary basis to uphold the guilty verdict. *Commonwealth v. Rivera*, No. 1022 EDA 2009, slip op. at 20-21.

Although the trial court declined to give a cautionary instruction regarding the prosecutor's vouching and characterization of reasonable doubt, the trial court's jury instructions provided the jurors with an appropriate definition of reasonable doubt and charged the jury to apply the law as the court had instructed them, and not to rely on how the attorneys had characterized the law. N.T. 10/13/2005 at 50-55. Trial courts are free to provide juries with a definition for reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). Furthermore, "so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.* (internal citations omitted). Our task on

8

review is to determine "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet" the reasonable doubt standard. 511 U.S. at 6. The trial court provided a sufficiently clear and detailed definition of reasonable doubt to the jury such that there was no possibility that the jurors could have believed that they could convict Petitioner with proof insufficient to meet that standard. N.T. 10/13/2005 at 53-55. As to the prosecutor's vouching for the police officers, the jury instructions emphasized that different individuals may perceive events differently or be innocently mistaken in their recollection and that it was the jury's duty to determine how much credibility to assign to each witness if there was inconsistent or conflicting testimony. *Id.* at 55-58.

Lastly, upon examination of the evidence presented at trial it is clear that the prosecutor's vouching did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. The record indicates that Petitioner's own words, recorded by Sergeant DiJoseph's microphone, were entered into evidence against him. N.T. 10/12/05 at 87-95, 213-216. Additionally a plastic bag containing cocaine was recovered from the scene after Petitioner attempted to flee the police. *Id.* at 164-65, 178-82, 199, 212-13, *et al.* Petitioner's trial counsel presented no testimony but attempted to establish reasonable doubt through his cross-examination of the prosecution's witnesses, emphasizing inconsistencies in their recollection of events. *Id.* at 104, 120-23, 139-41, 164-65,171-73, 175-84, 207-211. During his closing arguments, defense counsel again emphasized the inconsistencies between the testimonies of the police officers; including whether or not the officers observed Petitioner discard a bag as he fled, which officer recovered the bag of cocaine at the scene, and from where had the bag been recovered. N.T. 10/13/2005 at 7-17, 23-30. Defense counsel also emphasized the lack of physical evidence such as fingerprints on that bag and that at

9

least one additional conversation between Petitioner and an undercover officer, which was alleged to have been tape recorded, was never submitted into evidence. N.T. 10/13/2005 at 8, 18-21, 28. The prosecution's vouching notwithstanding, the testimonies of the police officers along with the physical evidence recovered from the scene proved Petitioner's guilt beyond a reasonable doubt and therefore Petitioner was not denied due process.

Petitioner has failed to show that the Pennsylvania Superior Court's ruling denying him a new trial was "contrary to, or involved an unreasonable application of, clearly established Federal law," especially considering the deference that this Court owes to state court decisions under AEDPA; accordingly, habeas relief is not warranted on this claim.

## RECOMMENDATION

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.[7]

BY THE COURT:

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-mail:    Hon. J. Curtis Joyner
              Joshua S. Goldwert, Esq.  joshua.goldwert@phila.gov

By Mail:      Carlos Rivera
              1124 N. 24 Street
              Camden, NJ 08105

[7]    Petitioner is advised that he may file objections to this Report and Recommendation. See Local 19 R.Civ.P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS RIVERA, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| MICHAEL W. CURLEY, et al., | : | NO. 11-5985 |
|     Respondents. | : | |

## **ORDER**

AND NOW, this      day of          , 2012, upon

consideration of the pleadings and the record herein, and after review of the Report and

Recommendation of M. Faith Angell, United States Magistrate Judge, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED AND ADOPTED.

2. The Petition for a Writ of Habeas Corpus is DENIED AND DISMISSED WITHOUT AN

EVIDENTIARY HEARING.

There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____

J. CURTIS JOYNER, J.